UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BOND SAFEGUARD INSURANCE COMPANY, | No. 2:14-cv-01896-JAM-CKD |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT GEORGE KRAMER'S PARTIAL MOTION TO DISMISS** |
| GEORGE KRAMER and DEBORAH SWEANEY, | |
| Defendants. | |

Plaintiff Bond Safeguard Insurance Company ("Plaintiff") issued bonds for which Defendant George Kramer ("Defendant") owes money. Plaintiff brings this suit against Defendant and his sister alleging a fraudulent scheme to avoid payment. Because Plaintiff's allegations are sufficiently detailed, the Court DENIES Defendant's partial motion to dismiss.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 25, 2015.

1

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In 2005, Defendant assisted the company Jimmy Camp Development, Inc. in acquiring bonds from Plaintiff.  Compl. ¶ 12.  When the company defaulted on the bonds, it entered into an agreement with Plaintiff and Defendant, which made Defendant liable for over $64,000 in unpaid premiums.  Compl. ¶¶ 13, 23.  Defendant failed to pay in full.  Compl. ¶ 22.  Plaintiff then sought to collect on this debt by placing a lien on Defendant's house.  Compl. ¶ 73.

Meanwhile, Defendant and his sister, Deborah Sweaney ("Sweaney"), allegedly concocted a scheme to let Defendant escape liability.  Compl. ¶ 54.  The two created a deed of trust purporting to make Sweaney the senior lienholder on the home.  See Compl. ¶¶ 55, 57, 73.  Plaintiff alleges the deed was "a nullity and should be voided" because the note purportedly securing the deed never existed.  Compl. ¶¶ 58, 61.

Plaintiff sued Defendant and Sweaney, alleging (1) breach of an indemnity agreement, (2) "Premiums – Open Account," (3) unjust enrichment, (4) "Implied Contract," (5) fraudulent transfers, and (6)[2] "Conspiracy."  Sweaney answered (Doc. #8), and her brother filed this partial motion to dismiss the sixth and seventh claims only (Doc. #14).  Plaintiff opposes the motion (Doc. #15).

///

///

///

---

[2] The complaint incorrectly labels the fifth and sixth causes of action as the "Sixth" and "Seventh" claims respectively.  This order refers to them as the "sixth" and "seventh" claims for purposes of consistency with the pleadings and briefs.

2

II.   OPINION

A.   Discussion

1.   Federal Rule of Civil Procedure 9(b)

Defendant argues that the Court must dismiss the sixth and seventh causes of action because the allegations do not meet the particularity requirements of Federal Rule of Civil Procedure 9(b). Mot. at 3-4. Defendant asserts that the complaint is deficient because it does not describe the "specific circumstances" in which Sweaney stated that the promissory note "never existed." Mot. at 4:4-9; see Compl. ¶ 59. In response, Plaintiff first argues that Rule 9(b) does not govern claims for "constructive" fraudulent conveyance. Opp. at 3.

Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead allegations of fraud with particularity, including the "circumstances constituting fraud or mistake." This pleading standard applies to causes of action that "sound in fraud." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

Plaintiff here brings the sixth claim under California's Uniform Fraudulent Transfers Act. See Compl. ¶ 76. But the complaint does not identify which part of that Act Defendant allegedly violated. The allegations under the sixth claim invoke language from two parts of the Act: California Civil Code section 3439.04 and section 3439.05. See, e.g., Compl. ¶ 62 (using language from section 3439.04(a)(1)); id. ¶ 71 (using language from section 3439.05). Rule 9(b) applies to section 3439.04 but not to section 3439.05. See Kelleher v. Kelleher, 2014 WL 94197, at *5-*6 (N.D. Cal. Jan. 9, 2014); Sunnyside Dev.

3

<u>Co. LLC v. Cambridge Display Tech. Ltd.</u>, 2008 WL 4450328, at *6, *8, *9 (N.D. Cal. Sept. 29, 2008). Thus, to the extent the allegations support a claim under section 3439.04, the Court applies Rule 9(b).

Plaintiff next argues that even if Rule 9(b) applies, the allegation about Sweaney's statement is "evidentiary material that did not need to be plead [sic]." Opp. at 4:26-27.

The Court agrees that Plaintiff's sixth cause of action is pled with adequate specificity under Rule 9(b) even absent the challenged allegation. Defendant asks the Court to throw out the entire claim because Plaintiff did not specify the circumstances of Sweaney's alleged statement. But Sweaney's statement was not part of the purported fraud; under the complaint's facts, the fraud occurred when Defendant and Sweaney created a fraudulent deed of trust intending to make Sweaney the senior lienholder. <u>See</u> Compl. ¶¶ 54-70. These allegations adequately describe the circumstances of the alleged fraud. So even if the Court were to ignore the allegation about Sweaney's statement, the rest of the claim's allegations satisfy Rule 9(b).

Resolving the issue as to the sixth cause of action on this basis, the Court does not reach the parties' further arguments, including that the circumstances of Sweaney's statement comprised "intent, knowledge, [or] other condition of a person's mind [that] may be alleged generally[,]" and that Defendant's 9(b) argument was waived when Sweaney filed an answer. Opp. at 3:26-27, 5.

Defendant next seeks dismissal of the seventh cause of

1  action ("Conspiracy") on the basis that it also does not meet
2  the requirements of 9(b).  Mot. at 3.  But besides stating that
3  Rule 9(b) applies to the conspiracy claim, Defendant offers no
4  argument as to why the seventh claim's allegations are
5  insufficient.  The seventh claim relies on allegations in the
6  sixth cause of action, which the Court finds adequate.
7  Defendant's argument therefore fails.
8      Because the sixth and seventh causes of action comply with
9  Rule 9(b), the Court denies Defendant's motion to dismiss on
10  that basis.
11          2.  Damages
12      Defendant argues that "Plaintiff fails to articulate how it
13  has been damaged by the lien in favor of Sweeney [sic] [.]"  Mot.
14  at 4:14-15.  Defendant points to no case law and provides no
15  further justification for his position.  Plaintiff in turn
16  responds that it has suffered damage because Defendant worked
17  with his sister to fraudulently make Sweaney a senior creditor
18  with respect to Plaintiff, thereby affecting Plaintiff's ability
19  to collect.  Opp. at 5.
20      The Court agrees with Plaintiff that the complaint
21  adequately alleges damages.  Specifically, paragraphs 71 through
22  73 state that "Plaintiff is entitled to attachment . . . against
23  the house and its proceeds" but cannot access the house or
24  proceeds, because Sweaney's fraudulent lien is senior to
25  Plaintiff's rights.  The Court therefore denies Defendant's
26  motion to dismiss based on damages.
27          3.   Plaintiff's Request for Fees and Costs
28      In its opposition, Plaintiff "requests that it be awarded

legal fees and costs arising from the need to respond to [Defendant's] Motion." Opp. at 5:22-23. Plaintiff apparently makes this request on the grounds that the motion to dismiss "delayed the case without good cause" and was "an improper tactic." Opp. at 4:20, 5:21. Plaintiff does not state any legal basis by which the Court could make such an award, so the request is denied.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendant George Kramer's motion to dismiss and Plaintiff's request for fees and costs.

IT IS SO ORDERED.

Dated: March 6, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

6